IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| PATRICK R. BENNETT, | ) | |
|---|---|---|
| | ) | Civil Action No. 10 - 172J |
| Petitioner, | ) | |
| | ) | District Judge Kim R. Gibson |
| v. | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| WARDEN ROBERT WELLINGER, | ) | |
| | ) | |
| Respondent. | ) | |

MEMORANDUM OPINION AND ORDER

On July 1, 2010, Petitioner, Patrick R. Bennett, a federal prisoner, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in which he seeks to challenge his federal convictions on the basis of Supreme Court law that post-dates his convictions. Specifically, Petitioner argues that his money laundering convictions have been invalidated by the United States Supreme Court decisions in United States v. Santos, 553 U.S. 507 (2008) and Cuellar v. United States, 553 U.S. 550 (2008). For the reasons set forth below, the Petition will be dismissed without prejudice as Petitioner currently is trying to raise his claims in his presently pending 2255 action filed in the United States District Court for the Southern District of New York.

A. Relevant Factual History

Petitioner's undisputed relevant factual history is set forth in the Response (ECF No. 12). Specifically, on June 10, 2000, in United States District Court for the Southern District of New York, a jury found Petitioner guilty of various offenses, including money laundering, where he was sentenced to a term of thirty years. Petitioner filed an timely appeal and the Court of Appeals for the Second Circuit

affirmed his conviction but vacated his sentence and remanded for resentencing. United States v. Bennett, 252 F.3d 559, 561 (2d Cir. 2001). Petitioner was resentenced on June 5, 2002. Petitioner appealed his new sentence and on September 18, 2003, the Second Circuit Court of Appeals affirmed his sentence.

On March 17, 2003, Petitioner filed a *pro se* Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255, in which he claimed that his trial and appellate counsel were ineffective. See Bennett v. U.S., Civil No. 03-1852, 2004 WL 2711064 (S.D.N.Y. November 23, 2004). On November 23, 2004, the United States District Court for the Southern District of New York issued an Opinion and Order denying Petitioner's request for an evidentiary hearing and bail and denying all other motions and requests as lacking merit. It does not appear that any appeal from this order was filed.

On April 11, 2005, Petitioner filed a second Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255, in which he asserted that, under Blakely v. Washington, 542 U.S. 296 (2004), his conviction should be set aside because his sentence was based upon judicial findings of fact contrary to Apprendi v. New Jersey, 530 U.S. 466 (2000) and his trial and appellate counsel were ineffective. *See* Bennett v. United States, Civil No. 03-1852, 2006 WL 738162, *1 (S.D.N.Y. March 22, 2006). On March 22, 2006, the District Court for the Southern District of New York denied the § 2255 motion. Following a timely appeal, on December 3, 2008, the Second Circuit Court of Appeals remanded two ineffective assistance of counsel issues back to the District Court. *See* Bennett v. United States, 301 Fed. App'x 31, 32 (2d Cir. 2008).

On May 16, 2009, Petitioner attempted to amend his § 2255 motion and add the claim that his money laundering convictions should be vacated based on United States v. Santos, 553 U.S. 507 (2008).

2

On June 4, 2009, the District Court denied the Motion to Amend/Correct on the basis that only the issues remanded by the Second Circuit Court of Appeals were being reviewed. On November 3, 2009, the District Court issued a Memorandum and Opinion regarding the remanded issues and determined that Petitioner's defense counsel was effective. *See* Bennett v. United States, Civil No. 03-1852, 2009 WL 3614613, *13 (S.D.N.Y. Nov. 3, 2009). On December 9, 2009, Petitioner filed a notice of appeal to the Court of Appeals.

On February 17, 2010, Petitioner attempted to amend his § 2255 motion by filing a *pro se* amended petition in which he requested (1) that the court allow him to amend the habeas corpus petition that was pending in the Second Circuit and (2) that the court rule on his claim of ineffective assistance of counsel. The Court did not docket the amendment stating that the District Court no longer had jurisdiction as the action currently was pending in the Second Circuit Court of Appeals and it was inappropriate to allow Petitioner to appear *pro se* while he is being represented by counsel. Therefore, the District Court had Petitioner's *pro se* motion returned to him.

On November 12, 2010, the Second Circuit Court of Appeals issued the following Order.

> Appellant, *pro se*, moves to hold the appeal in abeyance in order to move in the district court toamend his 28 U.S.C. § 2255 motion, and for a petition for a writ of mandamus and leave to proceed *in forma pauperis*. Upon due consideration, it is hereby ORDERED that the motion to hold the appeal in abeyance is DENIED. It is further ORDERED that the motion is TRANSFERRED to the district court for "whatever further action the district court finds appropriate, as if it had been filed directly in the district court," Whab v. United States, 408 F.3d 116, 118-19 (2d Cir. 2005), and that the district court stay consideration of the transferred motion until these appellate proceedings have concluded.

## B. Applicable Legal Standards - § 2241 v. § 2255

Through the instant action, Petitioner is attempting to collaterally attack his federal sentence via a petition for a writ habeas corpus under 28 U.S.C. § 2241. However, a motion under 28 U.S.C. § 2255 is the proper procedure for a federal prisoner to raise a collateral attack on his or her federal sentence for any error that occurred at or prior to sentencing. *See* In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997); Cox v. Warden, Federal Detention Center, 911 F.2d 1111, 1113 (5th Cir. 1990).

28 U.S.C. § 2255, in relevant part, provides as follows.

> 2255. Federal custody; remedies on motion attacking sentence
>
> A prisoner in custody under [a federal] sentence claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> . . .
>
> An appeal may be taken to the court of appeals from the order entered on the motion as from a final judgment on application for a writ of habeas corpus.

28 U.S.C. § 2255.

Petitioner brings this Petition under 28 U.S.C. § 2241 seeking to vacate his federal sentence. As stated above, a challenge to a federal sentence *as imposed*, must be made under 28 U.S.C. § 2255; a claim concerning *execution* of a sentence may be brought under 28 U.S.C. § 2241. *See* Gomori v. Arnold, 533 F.2d 871 (3d Cir.), *cert. denied*, 429 U.S. 851 (1976); Bennett v. Soto, 850 F.2d 161 (3d Cir. 1988). Notwithstanding, Petitioner asserts that he is entitled to bring this action under 28 U.S.C. § 2241 because

4

a motion under 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention. In this regard, Petitioner points to the following statutory language in 28 U.S.C. § 2255.

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, <u>unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention</u>.

28 U.S.C. § 2255 (emphasis added).

However, the remedy available under 28 U.S.C. § 2241 for a federal prisoner to raise a collateral attack on his or her sentence is strictly limited to situations where a petitioner is completely barred from seeking any collateral review under the new provisions of the AEDPA.

With respect to the present action, presently pending, although stayed, is a motion filed by Petitioner in his 2255 action in the United States District Court for the Southern District of New York wherein he is requesting the same relief he seeks in the present 2241 Petition. It would be inappropriate for this Court to decide the availability of 2241 relief where, as here, Petitioner is seeking such relief in his pending 2255 proceeding. Petitioner has no right to maintain two separate actions involving the same subject matter and the same defendants. *See* <u>Walton v. Eaton Corp.</u>, 563 F.2d 66, 70 (3d. Cir. 1977). When a district court becomes aware of two virtually identical actions it can dismiss the second without prejudice. *Id.* An appropriate order follows.

AND NOW, this 24th day of August, 2011;

IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus is DISMISSED without Prejudice.

IT IS FURTHER ORDERED that the Clerk of Court mark this case CLOSED.

AND IT IS FURTHER ORDERED that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Petitioner has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

                                                                               s/s Lisa Pupo Lenihan
                                                                               Lisa Pupo Lenihan
                                                                               United States Magistrate Judge

cc:    Patrick R. Bennett
        38551-054
        Loretto
        Federal Correctional Institution
        P. O. Box 1000
        Loretto, Pa 15940