# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICK R. BENNETT, ) | |
| ) | Civil Action No. 10 – 172J |
| Petitioner, ) | |
| ) | District Judge Kim R. Gibson |
| v. ) | Chief Magistrate Judge Lisa Pupo Lenihan |
| ) | |
| WARDEN ROBERT WERLINGER, ) | |
| ) | ECF No. 25 |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

**I.   RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that Petitioner's Motion to Reopen Case (ECF No. 25) be granted.  If is further recommended that supplemental briefing be ordered on whether this Court has jurisdiction over Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

**II.   REPORT**

**A.  Relevant Factual and Procedural History**

On June 10, 2000, in the United States District Court for the Southern District of New York, a jury found Petitioner guilty of various offenses, including money laundering, where he was sentenced to a term of thirty years.  Petitioner filed a timely appeal and the Court of Appeals for the Second Circuit affirmed his conviction but vacated his sentence and remanded for resentencing.  *See* <u>United States v. Bennett</u>, 252 F.3d 559, 561 (2d Cir. 2001).  Petitioner was

resentenced on June 5, 2002 to a term of twenty-two years. Petitioner appealed his new sentence and on September 18, 2003, the Second Circuit Court of Appeals affirmed the new sentence.

On March 17, 2003, while his appeal was still pending, Petitioner filed a pro se Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255, in which he claimed that his trial and appellate counsel were ineffective. *See* Bennett v. U.S., No. 03-1852 (S.D.N.Y.) at ECF No. 1; *see also* Bennett v. U.S., No. 03-1852, 2004 WL 2711064, at *1 (S.D.N.Y. Nov. 23, 2004). He also urged the court to grant him an evidentiary hearing and bail. *See* Bennett, 2004 WL 2711064, at *1. He also filed a supplement/amendment to his § 2255 motion arguing that his sentence should be vacated in light of Blakely v. Washington, 542 U.S. 296 (2004). *See* Bennett, 2004 WL 2711064, at *5. On November 23, 2004, the United States District Court for the Southern District of New York issued an Opinion and Order denying Petitioner's request for an evidentiary hearing and bail and denying all other motions and requests as lacking merit. *See* Bennett, 2004 WL 2711064, at *8. The Court also prohibited Petitioner from directly contacting the court and directed him to submit all future matter through his attorney. *See* id.

On April 11, 2005, Petitioner filed a second Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255, in which he asserted that, under Blakely, his conviction should be set aside because his sentence was based upon judicial findings of fact contrary to Apprendi v. New Jersey, 530 U.S. 466 (2000), and that his trial and appellate counsel were ineffective. *See* Bennett v. U.S., No. 05-3666 (S.D.N.Y.) at ECF No. 1; *see also* Bennett v. U.S., No. 03-1852, 2006 WL 738162 (S.D.N.Y. March 22, 2006). On March 22, 2006, the District Court for the Southern District of New York denied the § 2255 motion. *See* Bennett, 2006 WL 738162 (S.D.N.Y. March 22, 2006). Following a timely appeal, the Second Circuit Court of

Appeals remanded two ineffective assistance of counsel issues back to the District Court. *See* Bennett v. United States, 301 F. App'x 31, 32 (2d Cir. 2008). In addition, the Second Circuit stated that after the District Court issued a ruling on these remanded issues, that either party could reopen the appeal by letter to the Circuit Court. *See* id.

On or about May 10, 2009, Petitioner attempted to amend his § 2255 motion and add the claim that his money laundering convictions should be vacated based on United States v. Santos, 553 U.S. 507 (2008). *See* Bennett, No. 03-1852 (S.D.N.Y.) at ECF Nos. 14-15. On June 4, 2009, the District Court denied the motion on the basis that only the issues remanded by the Second Circuit Court of Appeals were being reviewed. *See* id. at ECF No. 24. On November 3, 2009, the District Court issued a Memorandum and Opinion regarding the remanded issues and determined that Petitioner's defense counsel was effective. *See* id. at ECF No. 35; *see also* Bennett, No. 03-1852, 2009 WL 3614613, at *13 (S.D.N.Y. Nov. 3, 2009). On December 8, 2009, the appeal was reopened at the request of Petitioner's counsel. *See* Bennett, No. 03-1852 (S.D.N.Y.) at ECF No. 36.

On February 17, 2010, Petitioner once again attempted to amend his § 2255 motion by filing a pro se amended petition in which he requested (1) that the court allow him to amend his habeas corpus petition that was pending in the Second Circuit and (2) that the court rule on his claim of ineffective assistance of counsel. The Court did not docket the amendment stating that the District Court no longer had jurisdiction as the action currently was pending in the Second Circuit Court of Appeals and it was inappropriate to allow Petitioner to appear *pro se* while he is represented by counsel. Petitioner's *pro se* motion was returned to him. *See* id. at ECF Nos. 38, 53, 60.

On November 12, 2010, the Second Circuit Court of Appeals issued the following Order.

3

> Appellate, *pro se*, moves to hold the appeal in abeyance in order to move in the district court to amend his 28 U.S.C. § 2255 motion, and for a petition for a writ of mandamus and leave to proceed *in forma pauperis*. Upon due consideration, it is hereby ORDERED that the motion to hold the appeal in abeyance is DENIED. It is further ORDERED that the motion is TRANSFERRED to the district court for "whatever further action the district court finds appropriate, as if it had been filed directly in the district court," Whab v. United States, 408 F.3d 116, 118-19 (2d Cir. 2005), and that the district court stay consideration of the transferred motion until these appellate proceedings have concluded.
>
> Additionally, it is ORDERED that the motion for leave to proceed *in forma pauperis* is GRANTED for the purpose of filing the mandamus petition. It is further ORDERED that the mandamus petition is DENIED because Petitioner has not demonstrated that exceptional circumstances warrant the requested relief. *See* In re von Bulow, 828 F.2d 94, 96 (2d Cir. 1987).

*See* Bennett v. United States, No. 06-2443 (2d Cir. Nov. 12, 2010).

On July 1, 2010, this case was initiated by Petitioner, proceeding *pro se*, filing a Motion for Leave to Proceed *in forma pauperis* and a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. In the petition, he argued that his money laundering convictions had been invalidated by United States v. Santos, 553 U.S. 507 (2008) and Cuellar v. United States, 553 U.S. 550 (2008). *See* ECF Nos. 3-4. He further claimed that 28 U.S.C. § 2255 was inadequate or ineffective because Santos and Cuellar represented an intervening change in substantive law. *Id*. As relief, Petitioner sought an order from this Court vacating his money laundering convictions and remanding his case to his sentencing court for resentencing on the remaining counts.

On December 23, 2010, Respondent filed a response to the habeas petition arguing that the Court lacked subject matter jurisdiction over the petition because it did not challenge the fact or duration of Petitioner's confinement or the execution of his sentence. *See* ECF No. 12. Rather, it challenged the validity of his conviction and sentence. *Id*. As such, Respondent

argued that Petitioner's claims were not properly addressed in a § 2241 petition and Petitioner could not establish that his remedy under § 2255 was inadequate or ineffective. *Id*.

On August 24, 2011, this Court issued a Memorandum Opinion and Order dismissing Petitioner's petition without prejudice. The Court stated that "the remedy available under 28 U.S.C. § 2241 for a federal prisoner to raise a collateral attack on his or her sentence is strictly limited to situations where a petitioner is completely barred from seeking any collateral review under the new provisions of the AEDPA." (ECF No. 24 at 5.) The Court then concluded, in part, as follows:

> With respect to the present action, presently pending, although stayed, is a motion filed by Petitioner in his 2255 action in the United States District Court for the Southern District of New York wherein he is requesting the same relief he seeks in the present 2241 Petition. It would be inappropriate for this Court to decide the availability of 2241 relief where, as here, Petitioner is seeking such relief in his pending 2255 proceeding. Petitioner has no right to maintain two separate actions involving the same subject matter and the same defendants. *See* Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir. 1977). When a district court becomes aware of two virtually identical actions it can dismiss the second without prejudice.

(ECF No. 24 at 5.)

On December 9, 2011, the Second Circuit Court of Appeals determined that Petitioner's arguments on appeal were without merit and affirmed the judgment of the District Court for the Southern District of New York denying his § 2255 petition following remand. *See* Bennett v. United States, 663 F.3d 71 (2d Cir. 2011); *see also* Bennett, No. 03-1852 (S.D.N.Y.) at ECF No. 47. Over the past year, Petitioner filed several more requests for relief in connection with his § 2255 petition. On January 11, 2013, the District Court for the Southern District of New York addressed the relief Petitioner was seeking and noted as follows:

> Bennett argues that the Court has "overlooked" certain of his claims in its Order of March 2006. See Bennett, 2006 WL 738162. Bennett is not only incorrect in this regard, he has already had an opportunity to present this argument in his

5

> motion for reconsideration of the Court's March 2006 decision, which the Court has previously adjudicated. See Bennett v. United States, No. 03 Civ. 1852 (PAC), 2006 WL 1751242 (S.D.N.Y. June 26, 2006).
>
> In addition, the Court has rejected Bennett's previous attempts to amend his petition to add arguments that changes in the law regarding money laundering impact his convictions. (See ECF No. 24.) See also Bennett v. United States, 663 F.3d 71, 77 (2d Cir. 2011).
>
> Both this Court and the Second Circuit have repeatedly rejected Bennett's attempts to expand the scope of the issues properly under review in this matter, and consideration of Bennett's petition in this docket concluded when the Second Circuit affirmed the Court's March 2006 Order. See Bennett, 663 F.3d 71. As far as this Court is concerned, all of Bennett's motions have been addressed, such that over 14 years after his indictment, this matter is finally and completely closed. Any relief Bennett seeks from this point forward must be granted by the United States Court of Appeals for the Second Circuit. See 28 U.S.C. § 2255(h).

Bennett, No. 03-1852 (S.D.N.Y. Jan. 11, 2013) at ECF No. 74.

### B. Petitioner's Motion to Reopen

Pending before the Court is Petitioner's Motion to Reopen this Case. (ECF No. 25.) As noted in this Court's prior Memorandum Opinion and Order, this case was dismissed without prejudice because Petitioner was litigating identical issues in his § 2255 petition before the District Court for the Southern District of New York. Petitioner now argues that section 2255 was an inadequate or ineffective remedy by which to seek relief because the District Court for the Southern District of New York did not address his Santos and Cuellar claims on their merits and he has no other opportunity to challenge his conviction for a crime that he contends is negated by an intervening change in substantive law. Therefore, he moves to reopen this case and have this Court rule on his section 2241 petition. Respondent has filed a response to the Motion to Reopen, objecting on the basis that Petitioner cannot demonstrate that section 2255 was inadequate or ineffective because his Santos and Cuellar claims were actually litigated in the United States District Court for the Southern District of New York. (ECF No. 27.) Respondent

6

also asserts that neither Santos nor Cuellar decriminalized Petitioner's conduct nor do they constitute a retroactive intervening change in substantive law that negated the basis for his conviction. Therefore, Respondent asserts that this Court does not have jurisdiction to consider Petitioner's section 2241 petition and that his Motion to Reopen should be dismissed with prejudice.

### C. Discussion

Section 2241 provides that the writ of habeas corpus shall not extend to a prisoner unless he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Nevertheless, a challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. *See* David v. United States, 417 U.S. 333 (1974); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). This is because section 2255 expressly prohibits a district court from entertaining a challenge to a prisoner's federal sentence under section 2241 unless the remedy by motion under section 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see* Cradle v. U.S. ex rel. Miner, 290 F.3d 536 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997); Millan-Diaz v. Parker, 444 F.2d 95 (3d Cir. 1971).

As noted by the Third Circuit Court of Appeals in Dorsainvil, section 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement or validity of their conviction. *See also* Okereke, 307 F.3d at 120; United States v. McKeithan, 437 F. App'x 148, 150 (3d Cir. 2011); United States v. Walker, 980 F. Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241). A section 2255 motion is inadequate or ineffective, authorizing resort to section 2241, only where the petitioner

demonstrates that he "had no prior opportunity to challenge his conviction for a crime that an intervening change in substantive law could negate with retroactive application." Okereke, 307 F.3d at 120 (citing Dorsainvil, 119 F.3d at 251). For example, in Dorsainvil, the Third Circuit held that section 2255 was inadequate or ineffective for Dorsainvil's claim that he was imprisoned for conduct that the Supreme Court ruled in Bailey v. United States, 516 U.S. 137 (1995), was not a crime, where the Supreme Court issued Bailey after Dorsainvil's section 2255 motion was denied on the merits and after the Third Circuit ruled that Dorsainvil could not meet either of the gatekeeping requirements under section 2255(h) to authorize the filing of a second or successive section 2255 motion.

In Cradle, the Third Circuit Court of Appeals emphasized the narrowness of the "inadequate or ineffective" exemption. A section 2255 motion is "inadequate or ineffective," authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle, 290 F.3d at 538. "It is the efficacy of the remedy, not the personal inability to use it, that is determinative." Id. "Section 2255 is not 'inadequate or ineffective' merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." Id. at 539.

Thus, under Dorsainvil and its progeny, this Court would have jurisdiction over Petitioner's section 2241 petition if, and only if, Petitioner demonstrates: (1) his "actual innocence," (2) as a result of a retroactive change in substantive law that negates the criminality

8

of his conduct, (3) for which he had no other opportunity to seek judicial review. *See* Dorsainvil, 119 F.3d at 251-52; Cradle, 290 F.3d at 539; Okereke, 307 F.3d at 120. Because it is unclear whether Petitioner is able to meet this standard, the Court should reopen this case and order supplemental briefing on this issue. *See* Abuhouran v. Grondolsky, 392 F. App'x 78, 81 (3d Cir. 2010) (noting that the court had denied petitioner's request to file a successive section 2255 motion to challenge his conviction for money laundering on the basis that Santos did not set forth a new rule of constitutional law applicable to cases on collateral review but the Government acknowledged that petitioner could proceed under section 2241 given the unusual circumstances of the case). The undersigned notes, however, that the majority of decisions to have considered the issue have determined that Santos is not retroactively applicable in collateral proceedings. *See* Wooten v. Cauley, No. 09-67, 2009 WL 3834093, at *5 (E.D. Ky. Nov. 16, 2009) (collecting cases). Respondent may wish to address, in the alternative, whether Petitioner's claims fail on their merits assuming Santos does have retroactive application to his section 2241 petition and assuming he had no earlier opportunity to raise such challenges to his conviction and sentence.[1]

## III. **CONCLUSION**

For the reasons set forth above, it is respectfully recommended that Petitioner's Motion to Reopen Case (ECF No. 25) be granted. If is further recommended that supplemental briefing be ordered on whether this Court has jurisdiction over Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

In accordance with the applicable provisions of the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B)&(C), and Rule 72.D.2 of the Local Rules of Court, the parties shall have fourteen

---

[1] It is unclear whether Petitioner had the opportunity to seek review of his claims in the Southern District of New York because his attempts at amending to include the claims were denied as an impermissible basis to expand the issues properly under review.

9

(14) days from the date of the service of this report and recommendation to file written objections thereto. Any party opposing such objections shall have fourteen (14) days from the date on which the objections are served to file its response. A party's failure to file timely objections will constitute a waiver of that party's appellate rights.

    Dated: April 1, 2013

                                              Lisa Pupo Lenihan
                                              Chief United States Magistrate Judge

cc:  Patrick R. Bennett
      38551-054
      LORETTO
      FEDERAL CORRECTIONAL INSTITUTION
      P.O. Box 1000
      Loretto, PA 15940
      *Via U.S. Postal Mail*

      Counsel of Record
      *Via ECF Electronic Mail*